IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL J. MARTINEZ,

       Petitioner,

vs.                                                                                                          1:15-cv-00315-RB-LF

JOHN SANCHEZ, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING
THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Report and Recommendations, filed February 8, 2016 (Doc. 16) ("R & R") and petitioner Daniel Martinez's objections to the R & R (Doc. 18). The Court, having conducted a *de novo* review of the record and being otherwise fully advised, finds that Martinez's objections are without merit and adopts the magistrate judge's recommendations.

**I.    Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa,*

*Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Further, the Court will not address issues that are raised for the first time in objections to the R & R.  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

**II.  Discussion**

Martinez raised three issues in his petition:  that the court abused its discretion by finding a violation of probation based on hearsay; that the court committed reversible error by basing the probation violation on hearsay; and that his attorney was ineffective for failing to submit affidavits or testimony for crucial witnesses.  Doc. 5 at 5.  The first two issues were so similar in nature that the magistrate judge addressed them together.  Doc. 16 at 7–9.

Martinez first contends that the R & R did not address "abuse of discretion by the state court judge."  Doc. 18 at 2.  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748, n.2 (2014).  Contrary to Martinez's assertion, the magistrate judge provided a thorough explanation of why the state court did not abuse its discretion by basing its revocation of Martinez's probation on hearsay.  Doc. 16 at 7–9.

Next, Martinez lists several specific pieces of evidence he contends the magistrate judge did not address, including affidavits, photographs, and transcripts.  Doc. 18 at 2, ¶ II, B–F.  None of this evidence was part of the record before the magistrate judge.  "When reviewing an objection to the magistrate judge's recommendation, the district court judge *may* receive further evidence or recommit the matter to the magistrate judge with instructions."  *Gonzales v. Qwest*

*Commc'ns Corp.*, 160 F. App'x 688, 690 (10th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (internal quotations omitted) (emphasis in original).  The decision whether to accept further evidence after the magistrate judge's recommendation is within the district court judge's discretion.  *Id.*  Martinez criticizes the magistrate for failing to address the particular evidence, but he failed to present this evidence to the district court for consideration.  Accordingly, the magistrate judge did not err by failing to address the specific evidence listed by Martinez.

Martinez next argues that the R & R did not address his allegation that "the police officer's testimony does not match the facts cited in his official report of the incident" or that his ex-wife lied to the court during her testimony.  Doc. 18 at 2–3, ¶ II, G, H.  Factual determinations by state courts, including credibility determinations, are presumed correct absent clear and convincing evidence to the contrary.  *See Scott v. Province*, No. CIV-10-178-D, 2010 WL 2610665, at *4 (W.D. Okla. May 14, 2010), *report and recommendation adopted,* No. CIV-10-178-D, 2010 WL 2610562 (W.D. Okla. June 25, 2010) (citing 28 U.S.C. § 2254(e)(1)); *see also Valdez v. Ward*, 219 F.3d 1222, 1231 (10th Cir.2000) ("Although the ultimate question of whether [the Petitioner's *Miranda* ] waiver was knowing and intelligent is subject to review under the standards set forth in section 2254(d), any subsidiary factual findings made by the state court are entitled to a presumption of correctness under section 2254(e).").  The trial court is in the best position to assess the credibility of witnesses and weigh the evidence.  *Redwine v. Medina*, No. 12-CV-01217-LTB-KLM, 2013 WL 1876779, at *7 (D. Colo. May 3, 2013) (internal citation omitted).  Thus, a state court's finding that a probationer violated his probation will not be disturbed merely because there is a conflict in the evidence.  *Id.*

Here, the magistrate judge was not required to reassess the credibility of witnesses' testimony or the state court's credibility determinations when addressing Martinez's habeas

petition. As the magistrate judge points out, the state court rejected Martinez's ex-wife's testimony and instead relied on the officer's testimony, the ex-wife's prior statements, and the photographic evidence. *See* Doc.16 at 9. As Martinez has not presented clear and convincing evidence that contradicts the findings of the state court, this Court will not disturb the state court's factual findings, including its credibility determinations.

Without any legal or evidentiary support whatsoever, Martinez declares that his attorney's failure to introduce evidence at his revocation hearing prejudiced him because—had it been introduced—the outcome would have been different. Doc. 18 at 3. The District Court need not consider frivolous, conclusive or general objections. *See Zumwalt v. Astrue,* 220 F. App'x 770, 777–78 (10th Cir. 2007) (unpublished). Martinez does not specifically object to the magistrate judge's analysis of his claim for ineffective assistance. This Court agrees with the R & R that the introduction of additional evidence would not have affected the outcome.

The remaining portions of Martinez's objections consist of arguments not made to the magistrate judge and conclusory statements. The Court, therefore, will not consider them. *Garfinkle*, 261 F.3d at 1031; *Zumwalt*, 220 F. App'x at 777–78.

### III. Conclusion

Upon *de novo* review and a thorough examination of the record, the Court cannot say that the magistrate judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. Accordingly, the Court overrules Martinez's objections and adopts Magistrate Judge Fashing's Report and Recommendation (Doc. 16).

IT IS THEREFORE ORDERED that petitioner Daniel J. Martinez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 5) is DENIED, and this case is DISMISSED with prejudice.

_____
United States District Judge